**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **07 Civ. 462 (JGK)** |
|     - against - | **05 Cr. 1264 (JGK)** |
| **RICHARD VITRANO,** | **MEMORANDUM OPINION AND ORDER** |
|          Defendant. | |

────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The defendant, Richard Vitrano, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed by former Chief Judge Michael Mukasey of this Court on February 15, 2006, sentencing the defendant principally to a term of 48-months imprisonment on a one count information, 05 Cr. 1264, for wire fraud, in violation of 18 U.S.C. § 1343, to be served consecutively to an 8-month term of imprisonment for a violation of supervised release in 96 Cr. 781, giving the defendant a total effective sentence of 56 months. The defendant raises several arguments in his § 2255 motion (No. 07 Civ. 462, Doc. # 1) and in his accompanying, related Motion to Quash Defective Search Warrant (No. 05 Cr. 1264, Doc. # 24). The defendant claims that (1) the Government breached its plea agreement with the defendant by arguing for a consecutive term of imprisonment on the violation of supervised release; (2) the restitution order entered by Chief Judge Mukasey was erroneous; (3) the search warrant that was issued in the case should have been

1

quashed; and (4) the Government has acted in bad faith in failing to request a sentencing reduction for the defendant's alleged cooperation.  For the reasons stated below, the defendant's § 2255 motion and motion to quash are **denied**.

The defendant's challenge to the restitution order fails because the Court lacks subject matter jurisdiction to consider a non-custodial order of restitution pursuant to § 2255.  See United States v. Kaminski, 339 F.3d 84, 85 n.1 (2d Cir. 2003).  Additionally, even if the defendant's objections to the restitution order were construed as a motion for a writ of error coram nobis, the motion would be denied because the defendant's claim regarding the restitution order "plainly could have been raised on direct appeal from the judgment of conviction," but was not.  See Chacko v. United States, No. 04 Civ. 2258 (JGK), 2005 WL 1388713, at *4 (S.D.N.Y. June 8, 2005).

Second, the plea agreement between the defendant and the Government provided that "the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range [of 46 to 57 months]."  (See Ex. A. to Gov't Letter, Feb. 22, 2007 ("Plea Agreement"), at 5.) Because the defendant was sentenced within the stipulated

guidelines range, he cannot challenge his sentence now.[1]  See, e.g., Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001); United States v. Fisher, 232 F.3d 301, 303 (2d Cir. 2000); United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995).

The defendant's claims are also procedurally barred because the claims were not raised on direct appeal, and the defendant has not shown cause for failing to raise the issues, prejudice resulting therefrom, or that he is actually innocent.  See, e.g., Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1999); see also Garcia-Santos, 273 F.3d at 509 (stating that the waiver of appeal provision in a plea agreement does not constitute "cause" for failing to take a direct appeal).

Finally, the defendant's claims also fail on the merits.  First, the defendant has not shown that the Government breached the plea agreement by arguing for a consecutive sentence on the violation of supervised release.  The plea agreement expressly permitted the Government to argue for a consecutive sentence and also provided that the plea agreement superseded all prior agreements between the parties.  (See Plea Agreement at 4, 6-7.)

---

[1] The appeal waiver would not, however, cover the restitution order, see United States v. Oladimeji, 463 F.3d 152, 157 (2d Cir. 2006), which as stated above fails for other reasons.  The appeal waiver also arguably would not bar a challenge to the sentence of 8 months for a violation of supervised release.  The Government only argues that the appeal waiver bars a challenge to the sentence of 48 months for the wire fraud conviction.  (See Gov't Letter, Feb. 22, 2007, at 7 n.*.)

In addition, Chief Judge Mukasey's allocution of the defendant was more than sufficient to ensure that the defendant's acceptance of the plea agreement was voluntary, knowing, and intelligent. (See Ex. B to Gov't Letter, Feb. 22, 2007, at 14-15.)

Second, the defendant's motion to quash the allegedly defective search warrant, issued by Magistrate Judge Andrew J. Peck on April 22, 2005, also fails. (See Ex. 2 to Aff. of James P. Wynne, Nov. 13, 2006 ("Wynne Affirmation"), attached to Gov't Letter, Nov. 13, 2006.[2]) The defendant argues that the search warrant should be quashed because it was tainted by a material falsehood. Any claim of a defective search warrant was waived when the defendant pleaded guilty. See United States v. Arango, 966 F.2d 64, 66 (2d Cir. 1992); United States v. Hudak, No. 02 Cr. 853 (JFK), 2003 WL 22170606, at *5 (S.D.N.Y. Sept. 19, 2003). In any event, the "material falsehood" alleged by the defendant was a statement by the defendant's former business partner that the lease for the searched premises was in the former business partner's name, and not the defendant's, when in fact, according to the defendant, the lease was in the

---

[2] Although the Wynne Affirmation was submitted in connection with a separate motion the defendant has pending for return of property, which is being treated as a separate civil action for equitable relief, see Vitrano v. United States, No. 06 Civ. 6518 (JGK) (filed August 29, 2006), the defendant has referenced the Wynne Affirmation in both his motion to quash and his § 2255 motion, and thus the Court considers it as part of this record.

4

defendant's name.  (See Pet. at 6.)  However, this "material falsehood" was provided to Agent Wynne on April 26, 2005, four days after the search warrant issued, and thus could not have tainted the previously issued search warrant.  (Compare Wynne Affirmation, ¶ 5, with Pet. at 6.)  Agent Wynne never claimed to have included this information in the warrant application.  Even if he had, including the alleged false fact that the lease was owned by a person other than the defendant would not have supported the existence of probable cause because the investigation targeted the defendant.  On the other hand, inclusion of the alleged correct information would have supported the existence of probable cause and the issuance of the search warrant.  For these reasons, the defendant's challenge to the search warrant, apart from being procedurally barred, is also without merit.

Finally, apart from his bare allegations, the defendant has made no showing that the Government acted in bad faith in failing to submit a request for a sentence reduction on the defendant's behalf.  Therefore, the defendant's claim that the Government acted in bad faith is also without merit.  See Wade v. United States, 504 U.S. 181, 186 (1992) ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an

evidentiary hearing. Nor would additional but generalized allegations of improper motive.").

## CONCLUSION

The Court has carefully considered all of the defendant's remaining arguments and, to the extent not already addressed in this Opinion, found them to be either moot or without merit. For all of the reasons stated above, the defendant's motion pursuant to § 2255 (No. 07-Civ-462) and his motion to quash the allegedly defective search warrant (No. 05-Cr-1254, Doc. #24) are **denied**.

The Clerk of Court is directed to enter judgment dismissing the petition in 07 Civ. 462 (JGK) and closing both of these cases. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because the defendant has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated:   New York, New York
         September 28, 2007

                                    _____
                                    John G. Koeltl
                                    United States District Judge